D C. CLARK ET AL. V. CAROLINE DOUGLAS, ADMINISTRATRIX.

FILED MAY 17, 1899. No. 8888.

1. County Judge: ACTION ON BOND: CONVERSION. The failure of a county judge to pay to his successor in office or the person entitled thereto money which was deposited with him in condemnation proceedings constitutes a breach of the obligation of his official bond, and there accrues a cause of action in favor of the person damaged by said breach. (*Chicago, B. & Q. R. Co. v. Philpott*, 56 Neb. 212; *Clelland v. McCumber*, 15 Colo. 355, 25 Pac. Rep. 700.)

2. County Officers: OFFICIAL BONDS. Bonds of county officers must be in form joint and several. (Compiled Statutes, ch. 10, sec. 3.)

3. ————: ————. If the bond is given and approved, the office obtained and enjoyment of the fees and emoluments, in an action on the bond for damages for a breach of the obligation it will not, in favor of the signers of it, be adjudged void because joint

alone, but will be held good to the extent it in form complies
with the statutory requirements in such regard.

4. ———: ———: Conversion. Where an officer holds for two terms
and there is money which he received during the first term for
which he has not accounted, or has not paid to the person to
whom it belongs, and there is a lack of evidence to show the
actual date of the misappropriation, if any, the presumption will
prevail that the money continued in his official custody, until
proof is adduced to the contrary.

5. ———: Principal and Surety: Release of Surety. The neg-
lect of the creditor to prosecute a claim against the estate of
a deceased surety does not effect the release of co-sureties.

6. Action on Bond of County Judge: Directing Verdict for Plain-
tiff. The evidence was sufficient to authorize the peremptory
instruction given.

7. Striking Out Testimony: Review. Under the conditions and cir-
cumstances existing the ruling of the trial court on a motion
to strike out certain designated testimony was a discretionary
one, and there being no abuse of the discretion, the error, if any,
is unavailable.

8. Exclusion of Testimony. Exclusion of offered testimony exam-
ined, and *held* not erroneous.

Error from the district court of Cedar county.  Tried
below before Evans, J.  *Affirmed.*

*J. C. Robinson* and *Wilbur F. Bryant,* for plaintiffs in
error.

*Miller & Ready* and *W. E. Gantt, contra.*

Harrison, C. J.

In condemnation proceedings instituted by a railroad
company the land of A. Hart Norris, since deceased, was
taken and the amount of the appraisal thereof was by the
railroad company deposited with the then county judge
of Cedar county, of whom, as such officer, the plaintiffs
in error were the sureties on his official bond during his
second term of office.  This action was instituted against
the officer and the bondsmen to recover an amount of the
sum of said condemnation money for which it was as-
serted he had failed to account or pay to the party en-

titled to receive it. At the close of a trial of the issues joined the presiding judge of the district court peremptorily instructed the jury in favor of the defendant in error, and a verdict was returned in accordance with the instruction, and judgment in the due course of the proceedings was rendered thereupon. A reversal of the judgment is sought in the present error proceeding to this court. A recent decision of this court has disposed of some of the questions presented in this case (see *Chicago, B. & Q. R. Co. v. Philpott*, 56 Neb. 212), wherein it was determined that if a county judge fails at the expiration of his term of office to pay to his successor or to the person entitled thereto condemnation money which had been regularly deposited with him, it constitutes a breach of his official bond, and a cause of action on such bond accrues to the person damaged by the breach, and the action may be instituted without a demand on the party for payment. (See, also, *Clelland v. McCumber*, 15 Colo. 355, 25 Pac. Rep. 700.) It is urged that by the statutory provision which governed bonds of county officers, inclusive of county judge, the instruments were required to be joint and several (see Compiled Statutes, ch. 10, sec. 3); that the one given, and upon the obligations of which this suit is predicated, was only joint, and was void for its non-compliance with the demands of the statute. It is true that in terms the bond in suit was joint, and it is also true that by statute it was required to be joint and several, but it is not for such reason void. It is good to the extent it complied with the legislative enactment. (4 Am. & Eng. Ency. Law [2d ed.] 669, note 2 of page 668.) The defect in the bond was one of which the public or county might have complained, but not the sureties. There was sufficient evidence to establish, *prima facie* at least, that the principal in the bond received the money and retained it through a short portion of the first and the entire second term of office. To escape liability it devolved upon the sureties on the bond for his second official term to show that the misappropriation, if any,

occurred prior to his second term. (*Stoner v. Keith County*, 48 Neb. 279; *Heppe v. Johnson*, 73 Cal. 265; *United States v. Stone*, 106 U. S. 525; *Kelley v. State*, 25 O. St. 567.) One of the sureties died, and it is urged that the defendant in error did not prosecute any claim against his estate; that there was, in effect, a release of the liability of the one surety, and it operated a discharge of all. The neglect to prosecute a claim against the estate of the deceased surety did not operate the release or discharge from liability of the co-sureties. (*Camp v. Bostwick*, 20 O. St. 337; *Eickhoff v. Eikenbary*, 52 Neb. 332.) There was sufficient evidence to warrant the peremptory instruction.

It is argued that the court erred in not striking out, on motion of plaintiffs in error, a portion of the testimony of one of the witnesses. This testimony was given by a witness who had been called by defendant in error, and was drawn out and was responsive to an interrogatory of counsel for plaintiffs in error during the cross-examination of the witness. Counsel did not object to the testimony or make the motion at the immediate time of the answer to the question, but continued the cross-examination for some considerable further time, and then asked that the portion of the testimony to which we have referred be eliminated from the record. Under the circumstances, and conceding the testimony incompetent and immaterial, or as "hearsay," as it was characterized in the motion, it was within the discretion of the trial judge to strike it from the record or not; and with the whole evidence before us we do not think there was an abuse of the discretion in allowing the testimony to remain, and without an abuse of the discretion there was no error which will work a reversal of the judgment.

It is also urged that the trial judge committed error in the exclusion of some testimony which it was sought to elicit from the witness J. C. Robinson in regard to the habits of life of the county judge at or immediately subsequent to the time the condemnation money was deposited with him; that he was spending considerable

more money than had been his wont.  A close examination of this portion of the record convinces us that there was no error in the action of the trial court in the exclusion of the offered testimony.

No available errors have been presented and the judgment must be

AFFIRMED.