IN RE ESTATE OF ANTHONY M. WILSON.
E. H. LUIKART, RECEIVER, APPELLEE, V. CLAIR E. WILSON,
ADMINISTRATOR, APPELLANT.

FILED MAY 15, 1934. No. 28638.

*R. O. Reddish,* for appellant.

*F. C. Radke* and *Barlow Nye,* contra.

*Rodney S. Dunlap, Seymour S. Sidner* and *Howard W. Loomis, amici curiæ.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and HORTH, District Judge.

HORTH, District Judge.

This is an appeal from a judgment of the district court for Sheridan county allowing an absolute claim against the estate of Anthony M. Wilson, deceased, upon a bank stockholders' double liability under section 7, art. XII of the Constitution of Nebraska, as the same existed from 1875 to its amendment in 1930, upon 10 shares of the

capital stock of the Lakeside State Bank of Lakeside, Nebraska, owned by the deceased at the time of his death. The district court acquired jurisdiction of the action by appeal from a judgment of the county court disallowing the claim upon the ground that it was barred by the statute of nonclaims.

The cause was tried in the district court upon a stipulation of facts and it was therein agreed that Anthony M. Wilson died, intestate, a resident of Sheridan county, Nebraska, on April 7, 1919; that on July 26, 1919, letters of administration upon his estate were issued to Clair E. Wilson, who continued to act as such administrator during the administration of said estate; that on July 26, 1919, the county judge of Sheridan county entered an order fixing December 1, 1919, as the time within which creditors of the estate of said Anthony M. Wilson should present and file claims against his estate, and directing that a hearing upon claims be held on that date at 2 o'clock in the afternoon; that notice limiting the time for filing claims and the time fixed for a hearing thereon was given by publication in the manner provided by law; that the inventory filed by said administrator included therein 10 shares of the capital stock of the Lakeside State Bank; that on February 3, 1920, the county judge made and entered an order barring claims against said estate; that said administrator filed his final account in said estate, of which filing due notice was published as required by law; and on March 5, 1920, the county court made and entered an order determining heirship, ordering distribution of said estate and discharging such administrator; that no claims were filed against said estate during the administration thereof and no claim was filed on account of the stockholders' liability herein alleged until November 18, 1931, when a contingent claim was filed by the receiver of said bank, and afterwards an amended claim was filed by the receiver alleging that the contingent claim filed had become absolute.

It also appears from the record that on June 14, 1932,

in an action then pending in the district court for Sheridan county, Nebraska, wherein E. H. Luikart, as receiver of the Lakeside State Bank, was plaintiff and J. F. Lowe et al. were defendants, it was adjudged by the court that the contingent claim of plaintiff against the defendant Clair E. Wilson, as administrator of the estate of Anthony M. Wilson, deceased, had become absolute, and the plaintiff was directed to file an absolute claim against said estate in the county court of Sheridan county, the filing of said claim and the enforcement thereof to be without prejudice to the defendant's right to contest the same, on the ground that it was barred by the statute of nonclaims, upon the theory that said claim was not filed within the proper time and is, therefore, barred.

In 1901 the legislature of Nebraska amended the nonclaim statute and it now appears as section 30-609, Comp. St. 1929, and, in so far as it is material to this action, reads:

"Every person having a claim or demand against the estate of a deceased person whether due or to become due, whether absolute or contingent, who shall not after the giving of notice as required in this chapter exhibit his claim or demand to the judge within the time limited by the court for that purpose, shall be forever barred from recovering on such claim or demand, or from setting off the same in any action whatsoever."

Plaintiff's right of action, if one exists, arises by virtue of section 7, art. XII of the Constitution, as the same existed prior to its amendment in the year 1930, and, so far as pertinent to this case, reads:

"Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors over and above the amount of the stock by him held to an amount equal to his respective stock or shares so held, for all its liabilities accruing while he remains such stockholder."

Was the contingent liability thus imposed upon Anthony M. Wilson, as a stockholder in the Lakeside State Bank,

by section 7, art. XII of the Constitution, such a contingent claim against him and his estate, the recovery of which would be forever barred if such contingent claim was not exhibited to the county judge within the time limited by the county court for filing claims against his estate?

It must be borne in mind that the time fixed by the county court for filing claims against the estate of Anthony M. Wilson, deceased, was limited to December 1, 1919, that the Lakeside State Bank remained solvent and a going institution until August 6, 1927, and that the superadded liability imposed by the Constitution upon the bank's stockholders did not become absolute until June 14, 1932. So that its influence, in the determination of the question here involved, may be fully understood, it becomes necessary to read into said section 7, art. XII of the Constitution the constructions given to its provisions by this court, and, for that purpose, we quote. In *Bodie v. Pollock*, 110 Neb. 844, it is held:

"Sections 4 and 7, art. XII of the Constitution, are self-executing when considered together, as they have been and should be; and, so considered, they form a complete constitutional rule to the effect that, while stockholders in banks are subject to the double liability set out in said sections, such liability cannot be enforced until the property of the bank has been exhausted, and the amount justly due judicially determined.

"Since the time when the liability of a bank stockholder can be enforced is definitely fixed by the Constitution, no other time for the enforcement of that liability can be prescribed by the legislature so long as the Constitution stands unchanged."

In *State v. Citizens State Bank*, 118 Neb. 337, Justice Good said: "It will thus be seen that the rule is established that the provisions of the Constitution, contained in said section 7, may not be limited or extended by legislative act. It follows that whatever rights are given by this constitutional provision to the creditors of a state

bank remain unaffected and unhampered by any legislative act. The liability so created against stockholders in favor of all creditors of the bank cannot be divested or taken from them. The liability of the stockholder to the creditors of such bank for claims accruing while he was such stockholder becomes and is a security to such creditors, and the legislature may not, by any act, relieve such stockholder of the liability so created."

Section 4, art. XII of the Constitution, reads: "In all cases of claims against corporations and joint stock associations, the exact amount justly due shall be first ascertained, and after the corporate property shall have been exhausted the original subscribers thereof shall be individually liable to the extent of their unpaid subscription, and the liability for the unpaid subscription shall follow the stock."

In *State v. Citizens State Bank, supra,* it is held:

"The provisions of section 7, art. XII of the Constitution, are self-executing. No legislative act is necessary for their enforcement. The stockholders' liability thereby created is free from legislative interference.

"The liability of stockholders created by section 7, art. XII of the Constitution, is for the benefit of all creditors of the bank against all who are stockholders when the creditor's claim accrues. The Constitution gives no preference to any creditor or class of creditors. All are on an equal footing, limited by the constitutional provision and the stockholder is liable only to those creditors whose claims accrue while he is such stockholder. * * *

"The constitutional double liability of the stockholders of a state bank is not an asset of the bank, but it is for the security of the bank's creditors."

In *Dempster v. Atwood,* 118 Neb. 579, it is held: "The stockholders made liable by section 7, art. XII of the Constitution, * * * are those who are such when the credit was extended to the bank or the liability incurred by the bank."

In *Farmers Loan & Trust Co. v. Funk,* 49 Neb. 353, it

is said: "The special individual liability of a stockholder in a banking corporation or institution, superadded to his ordinary liability by the above quoted section of the Constitution, is for the creation of a trust fund for the benefit of all creditors of the banking corporation or institution in which stock is held, and an action to render available such liability must be prosecuted by one creditor of such corporation or institution for the benefit of all other creditors, or by the receiver of such corporation or institution when there is a receiver."

In *Rogers v. Selleck,* 117 Neb. 569, it is held:

"The terms of the constitutional provision imposing upon stockholders of a state bank a double liability are by construction embodied in the contracts of subscription for bank stock but cannot be enforced until the exact amount justly due in all cases of claims against the bank has been ascertained and the corporate property exhausted. * * *

"In effect the constitutional provision imposing a double liability upon stockholders of a state bank requires them, in connection with their subscription for stock, to make contribution to a trust fund for the benefit of unpaid creditors in the event of insolvency, and the action to enforce their obligations must be prosecuted by one creditor for the benefit of all or by the receiver."

In *Luikart v. Paine,* 126 Neb. 251, it is held: "Stockholders' double liability in banking corporations is contractual obligation and by construction constitutional provisions in effect at the time of purchase of corporate stock are material parts thereof."

Reading sections 4 and 7, art. XII of the Constitution, as the same were from the year 1875 to the amendment of section 7 in the year 1930, in the light of the constructions placed upon the same by this court, it is clear that the provisions of said section 7 are self-executing; that the bank stockholders' liability thereby created is contractual and free from legislative interference; that its purpose is to require all stockholders in a state bank, who were such when the credit was extended to the bank or

the liability incurred by the bank, to contribute, if necessary, an amount not exceeding the par value of the shares of stock owned by them, respectively, to a trust fund for the benefit of the creditors of such bank in the event of its insolvency, when it has been ascertained that the amounts received from the liquidation of its assets are insufficient to pay its creditors; that the liability thus created is not an asset of the bank, and, prior to its amendment in 1930, could only be enforced by an action prosecuted by one or more creditors in his or their behalf and in behalf of all other creditors of the bank, or by the receiver of the bank; that the right of the individual creditors of such insolvent bank is to participate with all other creditors of the bank in a trust fund arising from the payment of the stockholders' liability; and that the rights of the creditors and the liabilities of the stockholders, as they are established by the Constitution, cannot be changed, limited or extended by legislative act.

The gist of the stockholders' contract is to contribute to the trust fund for the benefit of creditors, when the bank has become insolvent, its assets have been exhausted and it has been ascertained that there are still unpaid creditors of the bank. The cause of action, thus created, is not one in favor of the individual creditors of the bank against its individual stockholders. It is a single cause of action against all stockholders of a bank who were such when the credit was extended or the liability incurred by the bank, and having for its purpose the creation of a trust fund for the benefit of all those who are creditors of the bank at the time the cause of action accrues. In the instant case, more than twelve years elapsed from the time limited by the county court for filing claims against the estate of Anthony M. Wilson, deceased, until the cause of action against the stockholders in the Lakeside State Bank accrued. Common knowledge tells us that the personnel of the bank's creditors changed greatly during that period, and that few of the claims of those who were its creditors on December

1, 1919, were the claims they held on June 12, 1932, when the cause of action accrued.

The Constitution, as construed by this court, says that all those who were creditors of the bank at the time the cause of action accrued upon its stockholders' double liability shall share *pro rata* in the trust fund created thereby. Section 30-609 of the nonclaims statute would destroy this order of distribution by giving moneys contributed to such trust fund by the estates of deceased stockholders to those creditors who filed claims against the estates of such deceased stockholders within the time limited by the county court.

The constitutional provisions with which we are dealing were in force in 1901, when section 2740 (226) ch. 23, Comp. St. 1901, now section 30-609, Comp. St. 1929, was enacted. It will be presumed that the legislature, in enacting said section, did not intend to run counter to the Constitution, and, therefore, did not intend to classify the liability imposed upon bank stockholders by the Constitution as a contingent "claim or demand" of any person, within the meaning of those terms as used in section 30-609 so long as the bank, of which the deceased was a stockholder, was a going institution. If the legislature intended the term "claim or demand," as used in said section, to include the contingent liability of bank stockholders in going institutions, it exceeded its authority. It has no power to limit the rights given to bank creditors by the Constitution.

We find support for the conclusions here reached in the decisions of other courts.

North Dakota has a statute making a shareholder in a state bank liable "for all contracts, debts and engagements of such association made or entered into, to the extent of the amount of his stock therein at the par value thereof, in addition to the amount invested in and due upon said shares." It also had a nonclaim statute reading: "All claims arising upon contract hereafter made, whether the same be due, not due or contingent, must be

presented within the time limited in the notice; and any claim not so presented is barred forever." Comp. Laws N. Dak. 1913, sec. 8736.

*Baird v. McMillan,* 53 N. Dak. 257, presented the single question, whether or not the estate of a deceased person, who had been a shareholder in a state bank, could be held liable for the double liability imposed by the statute, when the bank failed after the death of such shareholder and the claim was not filed in the probate court, and the court held that the claim for superadded liability was not barred though not presented within the time specified in the notice for filing claims against the estate. In the body of the opinion it is said:

"It is further to be observed that the bar operates against the specific claim and that the statute seems to presuppose the existence of a legal person capable of presenting the claim, whether or not it be due or whether or not it be contingent. The statute does not seem to contemplate a situation where, owing to the nature of the liability, there is no person in existence capable of presenting the claim. * * * From these observations, then, it would seem that to adopt the appellant's construction of the statute in the Probate Code barring claims for failure to present them within the required time, * * * as applied to such a claim as that involved here, would be equivalent to holding that a claim is barred though there was no legal person in existence capable of presenting it during the prescribed period. For during the whole of that period the bank was in operation, in charge of its own officers and presumptively, and perhaps actually, solvent; hence, there was no receiver to enforce the claim. Not being in the full sense of the term an asset, it could not have been enforced by the officers of the bank. * * * While the bank is a going institution a depositor or other creditor is in no position to present a contingent claim to the probate court in case of the death of a stockholder, and even the suggestion that he might have done so borders on absurdity. Yet, under the appellant's contention,

this would be the only means of preventing the bar of the statute from applying in case the bank should continue open and apparently solvent for the period prescribed by Probate Code for filing claims."

In *Tierney v. Shakespeare,* 34 N. M. 501, the supreme court of New Mexico held: "Claim against executor for superadded liability on bank stock owned by testator, on account of insolvency of state bank occurring after testator's death, is not governed by statutory requirements for filing in probate court nor by statute of nonclaim."

The Probate Code of the state of Minnesota provides: "All claims * * * arising upon contract, whether due, not due, or contingent, must be presented to the court for allowance, within the time fixed by the order, or be forever barred." Mason's Minn. St. 1927, sec. 8812.

In *Hantzch v. Massolt,* 61 Minn. 361, the supreme court of Minnesota, in construing this section, held: "That a contingent claim, arising on contract against the estate of a decedent, which does not become absolute and capable of liquidation before the time limited for creditors to present their claims to the probate court for allowance, is not barred because it was not so presented; and the holder of such a claim, after it becomes absolute, may maintain an action against the heirs, next of kin, legatees, or devisees to whom the residue of the estate has been distributed, to recover such claim to the extent of the estate received by them."

In *Drain v. Stough,* 61 Fed. (2d) 668, the circuit court of appeals, ninth circuit, held that a statute barring all claims against a decedent unless presented to his executor or administrator within a certain period does not operate to require presentation within such period of a claim against the estate for the amount of an assessment levied after the expiration of the period by the comptroller of the currency upon stockholders of a national bank for which a receiver was appointed subsequent to the decedent's death, but before the expiration of such period.

The statutes of the United States, governing the lia-

bility of stockholders in national banks, so far as material to this case, provide: "The shareholders of every national banking association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares." U. S. Rev. St., sec. 5151.

In construing this statute in *Matteson v. Dent*, 176 U. S. 521, the court said: "The obligation of a subscriber to stock, to contribute to the amount of his subscription for the purpose of payment of debts, is contractual, and arises from the subscription to the stock. True, whether there is to be a call for the performance of this obligation depends on whether it becomes necessary to do so in consequence of the happening of insolvency. But the obligation to respond is engendered by and relates to the contract from which it arises."

In *Rankin v. Miller*, 207 Fed. 602, it is said: "Limitations will not run against the right of action to enforce the statutory liability of stockholders of national banks, until the cause of action has fully matured through the making of an assessment and the arrival of the day when it becomes payable."

It is conceded by the parties to this suit that Anthony M. Wilson, at the time of his death, was the owner of ten shares of the capital stock of Lakeside State Bank; that said bank remained a solvent and going institution for more than eight years after Mr. Wilson's death; and it follows from what has been said that recovery upon his stockholders' liability created by the Constitution was not barred by reason of the failure to file a contingent claim thereon in the county court within the time limited by the county judge for filing claims against his estate.

The judgment of the district court is

AFFIRMED.