IN RE ESTATE OF MOSES L. MONTGOMERY.
HERBERT A. JOHNSON, GUARDIAN, APPELLANT, V. CLARA F.
MONTGOMERY, ADMINISTRATRIX, APPELLEE.
274 N. W. 487

FILED JULY 6, 1937.   No. 29944.

*Dryden, Dryden & Jensen,* for appellant.

*Richard Steele, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY, PAINE and CARTER, JJ., and CLEMENTS, District Judge.

PAINE, J.

Herbert A. Johnson, guardian of the estate of Irene Johnson, an incompetent, appeals from an order of the

district court which sustained a judgment of the county court disallowing a claim filed against the estate of the surety of a former guardian of said incompetent.

On February 27, 1934, Herbert A. Johnson, guardian of Irene Johnson, an incompetent, filed a petition in the district court for Knox county against Clara F. Montgomery, administratrix of the estate of Moses L. Montgomery, deceased, setting out that on October 23, 1933, he was appointed guardian of said incompetent's estate by the county court of Knox county, Nebraska, and that the defendant has been administratrix of the estate of Moses L. Montgomery since March 21, 1930. The following allegations are taken from such petition: That Henry A. Johnson was appointed guardian of the estate of the incompetent on March 4, 1918, and acted as such guardian up to the date of his death, July 15, 1930; that upon his appointment he gave a bond in the sum of $4,000, upon which bond A. J. Luneburg and Moses L. Montgomery were sureties, and said bond was approved by the county judge March 8, 1918; that said Henry A. Johnson came into possession of $2,000, which was given to the incompetent by the will of her grandfather, and remained in possession of said funds of the incompetent until his death; that between the time of his death, July 15, 1930, and October 23, 1933, there was no other guardian appointed for the estate of the incompetent, and no one represented said incompetent; that letters of administration were granted on the estate of Henry A. Johnson on March 5, 1931, and the administrator was discharged on February 8, 1933.

It was further alleged that the surety, Moses L. Montgomery, died, and on March 17, 1930, Clara F. Montgomery was appointed administratrix of his estate, and that said estate is now in process of settlement and no order has been entered barring claims against said estate; that proceedings were taken in the county court of Knox county, requiring an accounting of funds delivered to Henry A. Johnson, deceased, as guardian of the incompetent, and by order of the county court Herbert A. Johnson,

present guardian, was directed to file claims for the amounts due to the estate of the incompetent against the estate of Henry A. Johnson, the deceased guardian, and against the estate of the surety, Moses L. Montgomery, deceased, which claims were filed against both estates on October 23, 1933.

It is further alleged in the petition filed in the district court that the claim of the incompetent was a contingent claim, and not capable of being presented in either estate before October 23, 1933, and did not become absolute until an order was entered by the county court asking for an accounting in the estate of the incompetent, and that under section 30-704, Comp. St. 1929, the claim may be presented in any estate within one year after it shall accrue or become absolute, and that said claim became absolute on October 23, 1933, and is entitled to allowance in the estate of Moses L. Montgomery, deceased surety, and petitioner prays that the sum of $4,235 should be allowed as a claim against the estate of Moses L. Montgomery, and that the administratrix should be ordered to pay the same with costs.

To this petition a demurrer was filed by the administratrix, alleging that the court had no jurisdiction of the person of the defendant or the subject of the action; that the plaintiff has not legal capacity to sue; that it appears on the face of the petition that the cause is barred by the statute of limitations; that a period of more than two years had elapsed since the death of Moses L. Montgomery. On May 9, 1934, the demurrer was overruled and defendant given 30 days to answer.

On June 7, 1934, defendant filed answer, alleging that Paul Johnson, grandfather of Irene Johnson, died April 3, 1917, leaving a will, in which Henry A. Johnson, his son, was named executor, which will was admitted to probate and letters testamentary issued to Henry A. Johnson May 17, 1917, and he immediately entered upon the discharge of his trust; that under said will a legacy in the sum of $2,000 was left to Irene Johnson, who was a daughter of a de-

ceased son of said Paul Johnson, which legacy was payable within one year after the death of Paul Johnson; that the estate consisted of real estate in Nebraska and Colorado, together with certain promissory notes; that on February 15, 1918, Henry A. Johnson, legal guardian of Irene Johnson, filed a receipt for $2,000 on behalf of said ward, and filed an inventory in said estate on April 30, 1918, showing that he had received cash from the Paul Johnson estate of $2,000; that on and after said date, April 30, 1918, Henry A. Johnson did not make any report as said guardian, or file any instrument of any kind with reference to said guardianship matter in said court, and died intestate July 15, 1930, and on March 5, 1931, letters of administration were issued upon the estate of Henry A. Johnson to H. Arvid Johnson; that no further proceedings were had in said guardianship matter from April 30, 1918, up to and including October 3, 1933, on which date Herbert A. Johnson, a brother of Irene Johnson, incompetent, filed a petition in the county court of Knox county, setting out that he is a brother and nearest living relative of said incompetent residing in the state of Nebraska; that during the lifetime of the former guardian the county judge then in office failed and neglected to require guardian to file reports or make an accounting, as provided by law; that said guardian has been dead for more than two years, and a claim must be filed at once to preserve the rights of the incompetent.

It was further alleged that one surety has moved out of the jurisdiction of the court, and that the other surety is deceased, and that the incompetent is still in the State Hospital for Feeble Minded at Beatrice, Nebraska, and petitioner prays that he be appointed guardian for said ward. On October 23, 1933, the county judge of Knox county, Nebraska, entered a decree, reciting the facts hereinbefore set out, and finding that the amount due from Henry A. Johnson to the estate of Irene Johnson, incompetent, is $4,034, and directing Herbert A. Johnson, guardian, to file claims in the estate of Henry A. Johnson, deceased, and

in the estate of Moses L. Montgomery, surety on the bond of Henry A. Johnson, for said amount.

On October 23, 1933, Herbert A. Johnson, guardian, filed a petition in the county court of Knox county, setting out that Henry A. Johnson, guardian, received the said $2,000, and failed and neglected to account for it, except the sum of $206.52, which he paid to the State Hospital for Feeble-Minded at Beatrice, and that there is a balance due of $4,034, and prays that the estate of Henry A. Johnson be revived and permission be given to file the claims above.

It is further alleged in the answer that, at the time of the death of Paul Johnson, Henry A. Johnson owed his estate $8,230; that he was a beneficiary of Paul Johnson, and entitled to receive $3,045.45; that in the settlement of the estate Henry A. Johnson did not pay to himself or receive the sum he was entitled to receive, and did not pay to himself as guardian of Irene Johnson, incompetent, the sum of $2,000 which he receipted for, but that said Henry A. Johnson was insolvent, and all persons interested in the estate had full knowledge of his insolvency, and that any claim against his estate is barred by the statute of limitations; that all persons interested in the estate of Irene Johnson, incompetent, had full and complete knowledge of the death of Moses L. Montgomery, surety, and that the time was limited for filing claims against his estate, yet the parties did not file any claim against the estate of said surety until October 23, 1933, a period of more than three years after the time limited for creditors to present their claims, and that the claim of Irene Johnson, incompetent, was barred by the statute of limitations, and the defendant prays that the plaintiff's petition be dismissed and that the defendant recover her costs.

Herbert A. Johnson, as guardian, filed a reply, setting up that Henry A. Johnson, deceased, her guardian, filed a receipt for the $2,000, and that the surety, Moses L. Montgomery, entered into an undertaking guaranteeing the faithful performance of the trust and the repayment of the money due in said estate.

On May 4, 1936, after having heard the evidence and considered the oral arguments made to him on June 3, 1935, the district judge entered a judgment that the claim of Herbert A. Johnson, guardian of Irene Johnson, incompetent, against the estate of Moses L. Montgomery was barred by the general statute of limitations, and also by the statute of nonclaim. A notice to creditors was published, limiting the time to present claims to July 25, 1930, but that this claim was not filed until October 23, 1933, a period of more than three years thereafter.

It was also found by the trial court that the county court could only grant permission to file such a claim for good cause shown, and the evidence in the present case was held by him to be insufficient for that purpose, and that the evidence raised the presumption of lack of diligence and laches, and held that on the showing made the county court was barred and prohibited from opening the commission to file claims of plaintiff, and therefore denied the plaintiff a right to file such claims, and dismissed his petition.

The plaintiff filed motion for a new trial, setting up many errors, among them that the judgment of the trial court was not sustained by the evidence, was contrary to law, that the court erred in holding that the claim of the incompetent's estate was not a contingent claim prior to the finding of the amount due from the guardian in the county court, and that the court erred in denying the right of the incompetent's estate to file the contingent claim in the estate of the surety within one year after the same became absolute, and that the court erred in holding that the incompetent's estate was barred from recovery against the estate of a surety of the former guardian.

It was deemed necessary to make this complete statement of the pleadings and judgment of the trial court.

The bill of exceptions includes files from the county court of Knox county in each of the several estates and guardianship cases involved herein, and many documents are reprinted from these exhibits in the appellee's brief.

The appellee insists that this case is governed by sec-

tions 30-605 and 30-609, Comp. St. 1929. Section 30-605 provides that, if a creditor files his claim within three months after the expiration of the time previously allowed, he may, for *good cause shown,* be allowed three months more. It is argued by appellee that it makes no difference whether it is a general or contingent claim, as they are both governed by this section. Appellee contends that, upon the death of the guardian, a right of action accrues and becomes absolute in the ward, or his representatives, to obtain any funds or property from the estate of the former guardian, and if such steps required are not taken within the time limited by law, in the absence of good cause shown, it is simply the misfortune of the ward. The trial court decided the appellee was right in all these contentions, and entered judgment in his favor.

We will now review the events in the chronological order in which they occurred. Paul Johnson, the grandfather of the incompetent, died April 3, 1917. Henry A. Johnson was the executor of his estate, and in his final report in that estate set out that he had paid to himself, as guardian of the incompetent, the sum of $2,000. Henry A. Johnson, having also been appointed guardian of the incompetent on March 4, 1918, filed an inventory in the guardianship case, showing that he had received said legacy of $2,000 cash from the estate of the incompetent's grandfather.

On March 8, 1918, the guardian filed his bond in the sum of $4,000, which was approved by the county court, and upon which Moses L. Montgomery was one of the sureties. On February 10, 1930, said surety died, and Clara F. Montgomery, his widow, was appointed administratrix of his estate. On July 15, 1930, Henry A. Johnson, guardian of the incompetent, died, and it is agreed that his estate was insolvent. No new guardian was appointed for the incompetent, and no one looked after her interests or estate from July 15, 1930, the date when Henry A. Johnson died, until the appointment of Herbert A. Johnson, her present guardian, who secured from the county court of Knox county an order on October 23, 1933, finding that the

principal and interest due from Henry A. Johnson, deceased guardian, to the estate of the incompetent was $4,235, and directed her new guardian, Herbert A. Johnson, to file claims against the estate of her former guardian and the estate of the surety on his bond. To the filing of this claim against the estate of the surety, Clara F. Montgomery, administratrix, filed objections, alleging that a period of more than two years had expired from the time set for filing claims by the probate court; that the claim had not been filed for more than three years after an order had been made by the court barring all claims not then presented against the estate, also because of the statute of nonclaim and the statute of limitations. The appellee contends that section 30-609, as amended by striking out the words "whether due or to become due" and "whether absolute or contingent," which went into effect August 10, 1933, did not affect the rights of the parties to this action, as Montgomery died February 10, 1930.

We have been unable to find any Nebraska opinion squarely in point on the issues presented for determination.

In the opinion of this court, this claim against the incompetent's guardian and his surety was at the outset but a contingent claim, which has been defined: "A contingent claim against an estate is one where the liability depends upon some future event, which may or may not happen, and therefore makes it now wholly uncertain whether there will ever be a liability." Dame, Probate and Administration (3d ed.) 425.

"A contingent claim does not become absolute, within the meaning of the decedent's act, until it becomes a claim proper to be presented to the county court for final adjudication as a claim against the estate." *Hazlett v. Estate of Blakely,* 70 Neb. 613, 97 N. W. 808. See, also, *Hughes v. Langdon,* 111 Neb. 508, 196 N. W. 915.

In *Hantzch v. Massolt,* 61 Minn. 361, 63 N. W. 1069, it was held: "That a claim against the estate of deceased sureties on the bond of a guardian whose account as such had not been allowed and settled by the probate court,

when the time expired for presenting claims against their respective estates, is such a contingent claim."

"A contingent claim against a decedent's estate is one upon which the liability depends upon some future event, which may or may not happen, and which makes it uncertain whether it will ever be a liability." *In re Estate of Golden,* 120 Neb. 233, 233 N. W. 893.

A contingent claim such as this is governed by sections 30-701 to 30-705, Comp. St. 1929, rather than by the general statute.

"While a special act upon a subject usually modifies a general act on the same subject, still, if a remedy provided by the later act is not incompatible with the remedy provided by the earlier and more general law, both acts may stand." *State v. Cosgrave,* 85 Neb. 187, 122 N. W. 885.

"It is an established rule of construction in this state that special provisions in a statute in regard to a particular subject control general provisions. Generally, where there is a conflict between a general and a special statute applicable to the same subject-matter, the latter must prevail." *Mancuso v. State,* 123 Neb. 204, 242 N. W. 430.

A claim against the estate of a deceased surety on the bond of a guardian is contingent until there has been a settlement of the guardian's accounts.

In *Langdon v. Langdon,* 104 Neb. 619, 178 N. W. 178, it is held: "The county court has exclusive jurisdiction to determine the state of accounts between the guardian and ward, and no action can be maintained upon a guardian's bond until the amount to be due from the guardian is first ascertained on the settlement of the guardian's final account by the county court."

A surety on a guardian's bond is not discharged by the failure to require an accounting against the guardian's estate within the time prescribed by the statute of nonclaim. 28 C. J. 1299; 21 R. C. L. 1039, sec. 84. See, also, 10 Neb. Law Bulletin, 407. Refusal of the guardian to appear in response to a citation to settle his accounts does not prevent the operation of this rule. *Bisbee v. Gleason,* 21 Neb. 534, 32 N. W. 578.

In *Bell v. Walker,* 54 Neb. 222, 74 N. W. 617, it is held that the liability of a surety in a supersedeas bond is not affected by the failure to present a claim against the estate of his principal, for the surety may either pay the debt and be subrogated to the rights of the creditor, or compel the creditor to sue, and if the statute of limitations be permitted to run against the principal the fault is as much that of the surety as of the creditor.

In *Hughes v. Langdon,* 111 Neb. 508, 196 N. W. 915, it is very properly held that the judgment against the surety cannot exceed the penalty in the bond, and the bond in the case at bar was only $4,000, hence no more than that amount can be recovered in any event.

In *Hughes v. Langdon,* 111 Neb. 515, 199 N. W. 832, being the opinion written upon rehearing, it was held that the legal disability which may be considered in an action on the guardian's bond is only that disability which existed at the time of the discharge of the guardian, and that a disability subsequently arising will not operate to extend the time, and in that case the disability which existed at the time of the discharge of the guardian was that of minority, which was removed upon the minor attaining his majority. However, in the case at bar the mental incompetency of Irene Johnson has been absolute, and, therefore, her mental disability was just as effective at the time of the death of Henry A. Johnson, guardian, as it was at the time of his appointment. It was not a disability which subsequently arose, for this incompetent ward has been an inmate of the State Hospital for Feeble-Minded at Beatrice for at least the last 20 years, according to the bill of exceptions.

In the recent case of *Medow v. Riggert,* 132 Neb. 429, 272 N. W. 238, it was held that a guardian of the minor was discharged when she attained her majority on January 1, 1928. Some six years later the county judge found that there was due from her guardian the sum of $4,900, but such guardian had died March 30, 1932, his estate being insolvent. A demurrer was sustained to her petition against

the surety on the guardian's bond, because such action was not brought within four years of the discharge by death of the guardian. However, in this case the minor was not an incompetent confined in a state institution, as in the case at bar, and we find the trial court was in error when he found that this incompetent was required to show good cause for the delay. In the case of the recovery of real estate, section 20-213, Comp. St. 1929, gives an incompetent ten years after disability is removed.

In the bond which Moses L. Montgomery signed as surety, and the county judge approved, it recited that the principal had been appointed guardian of Irene Johnson, an incompetent, and the surety agreed that the guardian would file an inventory within three months and manage all funds which came into his hands for the best interests of the incompetent, and within one year should render an account on oath of the property in his hands (which was not done), and pay over, at the termination of his trust, all the estate due the incompetent to her legal representatives.

Under such a bond, conditioned for the faithful discharge of the trust by a guardian, the surety is in privity with the guardian, and is bound by an order of the probate court in reference to an accounting, although the surety is not a party thereto, for the surety must take notice of such proceedings.

Cases involving similar questions are: *In re Estate of Bolton*, 121 Neb. 737, 238 N. W. 358; *In re Estate of Wilson*, 127 Neb. 106, 254 N. W. 717; *Chappell v. Lancaster County*, 84 Neb. 301, 120 N. W. 1116; *Clark v. Douglas*, 58 Neb. 571, 79 N. W. 158.

We find that the contingent claim of the incompetent's estate became absolute on October 23, 1933, being the date of the order of the county court finding the amount due from her former guardian, and under section 30-704, Comp. St. 1929, the plaintiff within one year filed it against the estate of the deceased surety. The judgment of the trial court is reversed, and action is remanded to proceed in accordance with this opinion.

REVERSED.