JOHN W. McKIM, Judge of Probate, vs. LEOPOLD MORSE & others.

Suffolk. Nov. 18, 1879. — Feb. 28, 1881. MORTON, SOULE & FIELD, JJ., absent.

A surety on a special bond, given by a guardian upon obtaining a license to sell his ward's real estate for maintenance, under the Gen. Sts. c. 102, §§ 26 & seq., is liable for a failure by the guardian to invest the proceeds of the sale not needed for maintenance.

CONTRACT, for the benefit of Maurice Dugan, upon a bond, made on August 22, 1870, to the Judge of Probate for the county of Suffolk, by Christopher A. Connor as principal, and the defendants as sureties, and conditioned that Connor, who, as guardian of Dugan, a minor, had been licensed by the Probate Court to sell certain real estate of his ward for maintenance, " shall sell the same in the manner prescribed for sales of real estate by executors and administrators, and account for and dispose of the proceeds in the manner provided by law." Trial in this court, before Ames, J., who reported the case for the consideration of the full court, in substance as follows:

On March 14, 1870, Connor was appointed guardian of Maurice Dugan, and gave a bond with sureties in the usual form, containing this among other conditions, that he should " render an account on oath of the property in his hands, including the proceeds of all real estate sold by him, and of the management and disposition of all such property, within one year after his appointment, and as often as once in three years thereafter, and at such times as said court shall direct."

Upon the petition of Connor for leave to sell real estate of the minor, in order to provide for his maintenance, and after notice given in due form, a license to sell the real estate was issued on August 22, 1870, and the bond in suit was given. At the time the license was issued the guardian had in his hands funds from personal estate, being more than was required for the maintenance of the ward; and on October 1, 1870, the guardian received from the city of Boston $2500, and also received in December following the further sum of $235.23, which sums

were in payment of a claim which was due before the license was issued.

The land was sold, under the license, in November 1870, for the sum of $2500 over and above the incidental expenses. The money was paid to the guardian, who made no return upon the license, and he mingled the money with his own funds, and made no attempt to invest or keep it separate. He was ordered by the Probate Court to render an account in July 1877, and then rendered it, and a second was rendered in January 1878. The sum of $4254.65 still remains in his hands.

Morse, who alone defended, contended that the sureties on the general bond, and not those on the special bond, were liable; but the judge ruled that, upon the above facts, there was a breach of the condition of the bond in suit; and directed a verdict for the plaintiff for the penalty of the bond. If the ruling was correct, judgment was to be entered on the verdict; otherwise, a new trial to be ordered.

*G. Morse*, for the defendant.

*F. S. Hesseltine*, for the plaintiff.

GRAY, C. J. A special bond given by a guardian, upon obtaining a license to sell his ward's real estate for maintenance, under the Gen. Sts. *c.* 102, §§ 26 & *seq.*, requires him to invest any residue of the proceeds of the sale not needed for maintenance, and is in this respect like a bond given upon being licensed to make sale for investment under the same statutes; and, in the case at bar, no investment of proceeds having been made, the sureties on the special bond are liable. *Mattoon* v. *Cowing*, 13 Gray, 387. *Fay* v. *Taylor*, 11 Met. 529. *Bennett* v. *Overing*, 16 Gray, 267.                    *Judgment on the verdict.*