BULA A. BALL AND OTHERS, PLAINTIFFS IN ERROR, V.
JASPER H. LACLAIR, DEFENDANT IN ERROR.

1.  Guardian and Ward: ACTION ON GUARDIAN'S BOND. A
    right of action on a guardian's bond, to recover the amount re-
    maining in the hands of the guardian, first accrues to the ward,
    when such amount is ascertained by the county court on the
    settlement of the guardian's final account.

2.  Trial: OBJECTIONS TO EVIDENCE. An objection to the admis-
    sion of any evidence, on the ground that the petition fails to
    state a cause of action, may be taken at any time during the
    progress of the trial, and is not waived by answer or failure to
    demur. *Curtis & Co. v. Cutler*, 7 Neb., 315.

ERROR to the district court for York county. Tried
below before NORVAL, J.

*France & Harlan* and *W. T. Scott*, for plaintiffs in error,
cited: *O'Brien v. Strang*, 42 Iowa, 643. *Newton v. Ham-*

*mond*, 38 Ohio State, 430. *Allen v. Tiffany*, 53 Cal., 16. *Critchfield v. Hall*, 56 N. H., 324. *Salisbury v. VanHoesen*, 3 Hill (N. Y.), 78.

*Sedgwick & Power*, for defendant in error, cited: 1 Bates Pleading, 337. *Bescher v. State*, 63 Ind., 302. *Davenport v. Olmstead*, 43 Conn., 75. *State v. Humphrey*, 7 Ohio, 223.

COBB, CH. J.

This action was brought in the court below on a guardian's bond, to compel the principal defendant to account for and pay over certain moneys alleged to have been received by her as the guardian of the plaintiff and his sister and assignor, and to hold the other defendants therefor as her sureties on the said bond.

It is not deemed necessary to advert to the pleadings, further than to say that the petition contained no allegation of proceedings in or application to the probate court after the appointment of said guardian and the approval of her bond as such, except the following: "That on the thirteenth day of December, 1882, the probate judge of said Seward county duly granted the plaintiff permission to prosecute suit upon the above described bond or obligation in writing."

Issue was joined and a trial had to a jury, a verdict and judgment for the plaintiff, and the cause brought to this court on error by defendants.

It appears from the bill of exceptions that, upon the commencement of the examination of the first witness on the part of the plaintiff, counsel for defendants objected to the introduction of any evidence on the part of the plaintiff, for the reason that the petition did not state facts sufficient to constitute a cause of action, which objection was overruled, and the evidence received. To which defendants excepted. It was held by this court in the case of

*Curtis & Co. v. Cutler*, 7 Neb., 315, that "An objection to the admission of any evidence on the ground that the petition does not state a cause of action, may be taken at any time during the progress of the trial, and is not waived by answer or failure to demur," etc. This case was cited with approval by the court in the case of *Catron v. Shepherd*, 8 Id., 308, and the said holding may be regarded as expressing the settled law of this state. Our first duty then, is to see whether the facts stated in the petition do or do not constitute a cause of action which if admitted or proved would authorize the district court to enter judgment in favor of the plaintiff and against the defendants.

Section 16 of article VI. of the constitution provides as follows:

"Sec. 16. County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlements of estates of deceased persons, appointment of guardians and settlement of their accounts, in all matters relating to apprentices," * * *.

The provisions of statute passed before the adoption of the present constitution, but which not being in conflict therewith are still in force, are as follows: "The courts of probate in their respective counties shall have exclusive jurisdiction of the probate of wills, the administration of estates of deceased persons, and the guardianship of minors, insane persons, and idiots." * * * Comp. Stat., chap. 20, sec. 3.

The principal defendant was appointed guardian of the plaintiff and his assignor, by the probate court of Seward county. Under the provisions of the constitution, the county court became the successor of the probate court, and under the provisions of the constitution and the statute combined had the exclusive jurisdiction of the settlement of the accounts of the principal defendant, as guardian of the plaintiff and his sister and assignor. The county court of Seward county clearly had jurisdiction to cite the prin- ..

cipal defendant before it to settle her account as guardian, and to order her to pay into court, or to pay over to her late wards, such sums as should be found due them upon such settlement. And I think that her liability to a suit in a court of law for the balance due her wards on her guardianship account, and certainly the liability of her sureties, would arise only upon her refusal or failure to obey some order of the county court in that behalf.

The cases cited by counsel for the plaintiffs in error, in their brief, fully sustain this view of the law. Counsel for defendant in error cite cases in the supreme court of Indiana which seem to sustain the contrary view. But an examination of these shows that they are predicated mainly upon a peculiar statute of that state.

In the opinion in the case of *Bescher v. The State, ex rel. Hammann,* 63 Ind., 302, cited by counsel for the defendant in error, the court say: "It is now held that the statute authorizing such suits dispenses with the necessity of having previously established such claim; and there was no necessity that the executors should have been removed before bringing the action."

Upon the granting of the letters of guardianship, and approving the bond, the probate court in a sense acquired jurisdiction of the case and of the parties, and it seems to me to be not only logical but in accordance with the weight of authority, that such jurisdiction remains exclusive for the purpose of fixing the liability of the guardian. The petition containing no allegation of the settlement of said guardian's account, or of the fixing of her liability in said court, it failed to state a cause of action.

The judgment of the district court is therefore reversed and the cause dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.