UNITED STATES FIDELITY & GUARANTY COMPANY V. WILLIAM MCLAUGHLIN ET AL.*

FILED APRIL 5, 1906.   No. 14,184.

Official Bonds: CONSTRUCTION. A bond given for the faithful discharge of the duties of one legally entrusted with state and county funds is an official bond, and the statutory provisions relative thereto enter into and become a part of the contract.

ERROR to the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

* Rehearing allowed. See opinion, p. 310, *post.*

*O. B. Polk* and *R. S. Mockett,* for plaintiff in error.

*T. J. Doyle, contra.*

EPPERSON, C.

From January, 1900, until January, 1902, the defendant in error, McLaughlin, was the county treasurer of Lancaster county, and at the beginning of his term appointed one Edgar Waugh an assistant in his office. Waugh was required by his principal to execute the bond herein sued on, with the plaintiff in error as surety, whereupon he entered upon the duties of the position, and was authorized to sign and issue official tax receipts in the name of his principal, and in fact to perform all the official duties of the county treasurer except to sign checks. The bond fixes the maximum liability of the obligors at $1,500, and contains the following preamble and conditions: "Whereas Edgar Waugh of Denton, Nebraska, hereinafter called the employee, has been appointed to the position of deputy treasurer in the service of William McLaughlin, treasurer Lancaster county, Nebraska, hereinafter called the employer, and has been required to furnish bond for his honesty in the performance of his duties in the said position. * * * Now, therefore, * * * the company shall * * * make good and reimburse to the employer all and any pecuniary loss sustained by the employer * * * by any act of fraud or dishonesty·on the part of said employee in connection with the duties of the office or position herein before referred to, and occurring during the continuance of this bond or any renewal thereof, and discovered during said continuance or within six months thereafter." This bond and a renewal thereof covered a period of two years ending in January, 1902, during which time Waugh dishonestly appropriated sums aggregating $4,000 collected by him by reason of his position. His dishonesty was not discovered until 1904, and when the amount embezzled was ascertained defendant in error

paid the amount thereof to the county treasurer of said county.

Plaintiff in error contends that the condition in the bond, limiting its liability to such wrongs of the employee as shall be discovered within six months from the expiration of the time covered by the bond, is effective as a limitation upon its liability. The soundness of this proposition, in our opinion, depends upon the nature of the position held by the employee, which in fact governs the character of the bond. If the instrument is not an official bond, then it seems that the contention of the plaintiff in error is correct. On the other hand, if it is an official bond, then the statutory provisions enter into and become a part of the contract, imposing upon the surety all the statutory obligations incident to the contract.

Counsel for plaintiff in error in his briefs and oral argument contended that the bond was personal, given for the benefit of defendant in error, and that it was never required nor recorded as an official bond, and that Waugh was not in fact a deputy treasurer. Waugh was not the chief assistant in McLaughlin's office, nor was he officially designated as deputy treasurer. He was, however, an assistant or clerk authorized to act for and in the name of his principal, intrusted with the duty of handling public funds. He was a public officer. Section 21, ch. 10, Comp. St. 1905, contains the following provision: "Any officer or person who is intrusted with funds belonging to the state or any county thereof, which may come into his posession by an appropriation or otherwise, shall be responsible for the same upon his bond, and when any officer or person is intrusted with any such funds and there is no provision of law requiring him to give a bond in a certain specified sum, he shall give bond in double the amount of the sum so intrusted to him, which * * * in case of county funds * * * shall be approved by the county commissioners and deposited in the county clerk's office." The bond in controversy was given for the faithful performance of the duties of one who was

intrusted with funds belonging to the state and county. The rules governing such instruments are the statutory provisions fixing the liability of public officers, and the law pertaining thereto enters into and becomes a part of the contract. *Holt County v. Scott,* 53 Neb. 176. Under chapter 10 of the Compiled Statutes sureties on an official bond are liable to the person wronged by the officer's unlawful conduct discovered within the period of the limitation for actions thereon. The provision in the bond here in controversy, which purports to excuse the obligors from liability for wrongs not discovered within six months after the expiration of the time, is of no effect. By reason of the bond Waugh was given the official position he held, with all the benefits thereof, and with the opportunity, which otherwise he would not have had, to convert the public funds to his own use. The plaintiff in error, as surety upon said bond, was by its terms estopped from denying that Waugh was a public officer; that the bond was not payable to the proper party; and that it was not approved by the county commissioners as provided by law. *Holt County v. Scott,* 53 Neb. 176; *Paxton v. State,* 59 Neb. 460.

There is no error in the record, and we recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed October 18, 1906. *Judgment of affirmance adhered to:*

1. **Official Bonds:** ESTOPPEL. In an action on a bond, given to the county treasurer by one in his employ, to recover for a default in the transaction, as deputy, in the name of the treasurer, of business pertaining to the treasurer's office, a recital in the bond that the principal is deputy treasurer in the service of the treasurer of the county will estop the sureties on the bond to deny that he was in fact such deputy treasurer and that the bond was an official bond.

2. ———: CONSTRUCTION. A clause in the bond of a deputy county treasurer, which limits the right of action thereon, for default of the deputy treasurer, to such default as shall be discovered during the continuance of the bond or within six months thereafter, cannot be enforced.

SEDGWICK, C. J.

In the oral argument which was allowed upon the motion for rehearing, and in the brief filed in support of the motion, it was strenuously contended that the bond sued upon is not an official bond. In the former opinion herein it is said that whether the condition in the bond limiting its liability to such wrongs of the employee as shall be discovered within six months from the expiration of time covered by the bond is effective as a limitation of liability "depends upon the nature of the position held by the employee, which in fact governs the character of the bond. If the instrument is not an official bond, then it seems that the contention of the plaintiff in error is correct." Upon a reinvestigation of the record we do not find it necessary to determine that question. There appears to be some merit in the contention that such a limitation would not be enforced even in a private contract. The object of the limitation appears to be to secure to the obligor in the contract an opportunity to investigate the circumstances of the alleged default within a short time after its occurrence. It does not in direct terms limit the time in which the action may be brought. If the fraud or dishonesty of the employee is discovered within the time specified, action may be brought thereon at any time within the limitations of the statute. Whether this amounts to an attempt to deprive the courts by contract of jurisdiction to enforce the terms of that contract, or to adjudicate the damages caused by its breach, is a question that it does not appear to be necessary to determine in this case.

We think that it was correctly determined in the former opinion that the defendant is not in a position to contend that the contract in suit is a private bond. It ap-

pears that the bond was never filed with or approved by
the county board.   It was not made payable to the county,
that is, the county was not named as the obligee in the
bond; and, also, it appears from the evidence that one
McGuire was duly appointed deputy county treasurer,
and gave a bond as such which was approved by the county
board, and took the oath of office and was duly qualified.
He appears to have succeeded one Manley, who apparently
acted as deputy for a few months of the first part of Mr.
McLaughlin's term.   The statute provides that the county
treasurer may have a deputy, and if this statute should
be construed as limiting the county treasurer to one
deputy, and if it appears that Mr. Waugh was appointed
after these deputies were qualified, and the validity of his
appointment was brought directly and not collaterally in
question, his right to act as such deputy might reasonably
be questioned.   The bond in suit recites that "Edgar
Waugh  *  *  *  has been appointed to the position of
deputy treasurer in the service of William McLaughlin,
treasurer, Lancaster county, Nebraska,  *  *  *  and has
been required to furnish a bond for his honesty in the
performance of his duties in said position."   The evidence
shows that his employment was confined wholly to the
duties of the office of county treasurer.   He performed
every duty that the county treasurer could perform with
the exception of signing checks upon the bank account of
the treasury.   As a part of such duties he collected the
taxes, the conversion of which to his own use constituted
the default for which the action is brought.   He gave
the taxpayers receipts for their money, which he executed
in the name of the county treasurer, signing himself as
deputy.   The bond plainly contemplated that he should
perform such services, and the recital in the bond that he
was to perform such services as deputy treasurer would
estop the sureties upon the bond to deny that he held
such a position.   The surety cannot be heard now to as-
sert as a defense that Waugh was under these circum-
stances a second deputy and that the treasurer had no

authority to appoint such second deputy. Mr. McLaughlin made good to the county the loss caused by Waugh's defalcation. If he had not done so, there could be no doubt that the county might have maintained an action upon this bond, executed in the name of its treasurer to secure the safety of the county funds.

The question of the proper construction of the clause "and discovered during said continuance or within six months thereafter," in view of the other conditions and the manifest purpose of the undertaking, has been much discussed. The statute prescribes the conditions of bonds to be given by deputy county treasurers. Section 20, ch. 10, Comp. St. 1905, provides: "Deputies shall, except as otherwise especially provided, give bonds in the same manner and for the same sum as their principals." Section 12 of the same chapter provides: "All official bonds shall be obligatory upon the principal and sureties, for the faithful discharge of all duties required by law of such principal, for the use of any persons injured by a breach of the condition of such bonds." Section 3 requires that bonds of county officers must be "with such conditions as required by this act, or the law creating or regulating the duties of the office." Actions on official bonds may be brought within ten years after the cause of action accrues. Code, sec. 14. The policy of the law undoubtedly is to require the deputy treasurer to give a bond protecting the public against his default, if discovered, and action be brought thereon within the time limited by the statute. A provision in such a bond, which is in violation of the statute, and requires an official duty of the officer which is not required by law, and places a limitation upon the right of action given by the statute, is against public policy, and void. In *Fidelity & Casualty Co. v. Consolidated Nat. Bank,* 71 Fed. 116, which was upon a bond containing similar provisions, the defalcation was discovered within six months after the term for which the bond was given had expired, the construction and force of this clause of the bond was therefore not involved. The bond contained the

further provision: "That any claim made under this bond or a renewal thereof, shall embrace and cover only for acts and defaults committed during its currency, and within twelve months next before the date of the discovery of the act or default upon which such claim is based." The trial court appears to have recognized the validity of this clause of the bond, and the circuit court of appeals assumes its validity in discussing errors assigned in the giving of an instruction. The action was upon a private bond; and whatever view we might take as to the effect of such a clause in the bond of an employee of a bank, we cannot recognize the case as giving a proper construction of the official bond of a deputy county treasurer under our statutes.

We think our former conclusion is right, and it is adhered to.

AFFIRMED.