ADELINE MEDOW, APPELLANT, V. CHRISTOPHER H. RIGGERT, APPELLEE.

272 N. W. 238

FILED MARCH 26, 1937. No. 29884.

*McKillip & Barth,* for appellant.

*Erwin A. Jones, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE and CARTER, JJ., and ELDRED and CHASE, District Judges.

GOSS, C. J.

Plaintiff appeals because the district court sustained a demurrer to her amended petition, upon which she elected to stand.

The amended petition, filed January 11, 1936, alleged that on January 13, 1927, a petition was filed in the county court of Seward county asking the appointment of a guardian for the estate of Adeline Sunderman (now Medow, plaintiff herein), a minor; on a hearing letters of guardianship were issued to B. J. Sunderman, conditioned upon his executing a bond, with surety, for $7,000; on January 21, 1927, B. J. Sunderman, as principal, filed the bond with Christopher H. Riggert as surety, and on the same day it was approved by the county judge and Sunderman filed his oath and received property belonging to his ward in the sum of $7,000; plaintiff attained her majority January 1, 1928; on February 7, 1934, the guardian's account was duly settled by the county judge, who found there was due from the guardian to plaintiff the sum of $4,900; the guardian, who was the principal upon the bond, is dead (a decree of the county court, attached to the petition as an exhibit, reciting his death on March 30, 1932), his estate is insolvent, plaintiff has made demand on the surety to pay the amount due, he has refused, and the county court has granted her permission to bring suit upon the bond; she prays judgment against said surety for $4,900 with interest at 6 per cent. from February 7, 1934, and costs.

Section 20-210, Comp. St. 1929, says: "No action shall be maintained against the sureties in any bond given by the guardian unless it be commenced within four years from the time when the guardian shall have been discharged." Defendant argues that the arrival of the ward at her majority on January 1, 1928, was, in effect, a discharge of the guardian and started the four-year statute to running. The district court was of the same opinion

and that is the reason why the demurrer was sustained inasmuch as the action was not commenced for about eight years after the minor ward reached her majority. The exact date when this suit was commenced is not disclosed as the transcript shows the first filing to be that of the amended petition, filed January 11, 1936.

Plaintiff argues that the cause of action accrued on February 7, 1934, when the amount due the ward was ascertained and fixed by decree of the county judge.

The ultimate decision of the controversy depends on the meaning of the word "discharged," heretofore quoted in section 20-210, Comp. St. 1929.

In the chapter on guardianship of minors, section 38-109, Comp. St. 1929, says: "Every guardian appointed as aforesaid shall have the care and management of the estate of the minor, and shall continue in office until such minor shall arrive at the age of twenty-one, or until the guardian shall be discharged according to law." The decision of the trial court gives effect to the word "or" and holds that the cause of action accrued and the four-year statute of limitations started running when the ward became of age on January 1, 1928.

Almost identical facts existed in *Goble v. Simeral,* 67 Neb. 276, 93 N. W. 235. The opinion was written by Pound, C. The opinion traces the history of the statutory provision, now section 20-210, Comp. St. 1929. It recites that this statutory provision "originated in Massachusetts. Afterwards it was adopted by Michigan. Thence it passed to Wisconsin, and from Wisconsin it came to Nebraska. This history is sufficiently clear from inspection of the several statutes themselves, but has been carefully worked out by the supreme court of Wisconsin in *Paine v. Jones,* 93 Wis. 70, 67 N. W. 31 (quotation from Wisconsin case omitted here). But long before the statute was taken over in Nebraska, the courts of Massachusetts had construed it in *Loring v. Alline,* 9 Cush. (Mass.) 68, and the construction adopted in Massachusetts has been followed since in Michigan and Wisconsin." In the opinion by Judge Pound

he demonstrates that "Statutes of limitations running from some specified act or event and not from the accrual of plaintiff's cause of action, are not uncommon." The opinion discusses many cases and holds as shown by these syllabus points:

1. "If a statute adopted from another state had been construed by the courts of that state prior to its adoption here, the same construction should be given ordinarily in this state in the absence of any indication of a contrary intention on the part of the legislature."

. 2. "The reluctance of courts to construe a statute so as to permit it to operate harshly in particular cases, must yield to plain and unequivocal indications of legislative intent."

3. "A guardian is discharged, within the purview of section 32, chapter 34, Compiled Statutes (now section 20-210, Comp. St. 1929), when the ward becomes of age."

4. "As to the sureties upon the guardian's bond, the period of limitation provided in said section begins to run from the date of such discharge, not from the time when a cause of action has accrued upon final settlement. If no cause of action accrues within the period fixed, by reason of failure to take or complete the necessary steps, the sureties do not continue to be liable." ·

The court held that an action could not be maintained against the sureties more than four years after the ward became of age and affirmed the judgment of the district court to that effect.

In *Langdon v. Langdon,* 104 Neb. 619, 178 N. W. 178, it was held that no action can be maintained on a guardian's bond until the amount to be due from the guardian is first ascertained on the settlement of the guardian's first account by the county court. No mention is made of *Goble v. Simeral, supra,* but it is to be noted that the ward in this *Langdon* case was under disability and brought the suit against the guardian and her surety almost immediately after his release from the state insane asylum, where he had been confined shortly after reaching his majority.   .

In *Hughes v. Langdon,* 111 Neb. 508, 196 N. W. 915, in an opinion by the late George A. Day as a judge of this court, *Goble v. Simeral, supra,* seems to be approved, but the opinion held that the case under consideration came under the exception to the ruling statute (now section 20-210, Comp. St. 1929) in that the ward was under disability and the statute had not run "after such disability had been removed."

*Wilkins v. Deal,* 128 Neb. 78, 257 N. W. 486, is another case cited by appellant to the effect that no action can be maintained on a guardian's bond until the amount is first ascertained on settlement of the final account by the county court. It is not strictly in point with the case at bar because it was a controversy as to whether a succeeding surety was liable for the failure of the guardian to account for money lost under a preceding surety, rather than the controversy arising here between the ward and a surety as to when the statute of limitations began to run.

*Ball v. LaClair,* 17 Neb. 39, 22 N. W. 118, is relied upon by appellant as holding that the right first accrues to the ward when the amount due from the guardian is ascertained by the county court on the settlement of the guardian's first account. The first syllabus does so announce, but an examination of the case shows that the statute of limitations was not raised and was not involved. The petition did not allege any proceedings whatever in the county court after the guardian was appointed and her bond approved except that the county court granted plaintiff permission to sue upon the guardian's bond. The only point in that case is that on the trial defendant objected to any evidence because the petition did not state facts sufficient to constitute a cause of action. The objection was overruled, the evidence received and plaintiff had a verdict. The judgment was reversed and the cause dismissed.

*Bisbee v. Gleason,* 21 Neb. 534, 32 N. W. 578, is also relied upon by appellant. That case, too, did not depend on the statute of limitations. The petition shows that there had been no settlement of the guardian's account by the

county court fixing his liability to the ward for any amount in his hands belonging to the ward. A demurrer to the petition was overruled and judgment was entered against defendants. That opinion also held that the right to sue first accrues to the ward when the amount is ascertained by the county court on the settlement of the guardian's first account. The judgment was reversed and the cause was remanded for further proceedings.

Neither *Ball v. LaClair, supra,* nor *Bisbee v. Gleason, supra,* contains the point involved in either *Goble v. Simeral, supra,* or in the case at bar, both latter named cases raising and deciding that when the ward reaches his majority that fact operates to discharge the sureties on the bond of the guardian, if not sued within the four-year period of statute of limitations. Generally, and as applied to the facts appearing in *Ball v. LaClair, supra, Bisbee v. Gleason, supra, Langdon v. Langdon, supra,* and *Wilkins v. Deal, supra,* we think those opinions are sound on the facts there existing, and find no occasion to overrule them but hold them subject to the analysis we have made of them.

But we think that *Goble v. Simeral, supra,* states the true rule and is decisive of the rather identical facts in the case at bar. For that reason, the judgment of the district court is

AFFIRMED.