In re Guardianship of Ronald James Edwards, a minor. Robert S. Finn, Guardian ad litem for Ronald James Edwards, appellee, v. Mabel Ola Whitten, Guardian for Ronald James Edwards, a minor, and Western Surety Company, Sioux Falls, South Dakota, a corporation, appellants.

109 N. W. 2d 376

Filed June 2, 1961. No. 34917.

*Raymond B. Morrissey* and *Thomas L. Morrissey,* for appellant Whitten.

*William L. Walker* and *Earl Ludlam,* for appellant Western Surety Co.

*Robert S. Finn,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action which, as it appears, originated in the county court of Johnson County, Nebraska, by the filing of an application of Mabel Ola Whitten, who will

hereinafter be referred to as appellant, guardian of Ronald James Edwards, to have approved a guardian's account filed on April 1, 1959. This appears by recital only. The account, if any was filed, does not appear in the record before this court, and neither does anything authentically representing it. It appears that this was not a final but an interim or current account covering the period beginning November 1, 1957, and ending November 1, 1958. As it appears Robert S. Finn, who will be hereinafter referred to as appellee, denominated guardian ad litem of Ronald James Edwards, filed objections to the report. Apparently the account was submitted to the county court for consideration where the account was disapproved and judgment was rendered against the appellant and in favor of the appellee. Apparently from the judgment appellant took an appeal to the district court. The term "apparently" is employed since nothing authentically appears in the record before this court to indicate what was presented to the county court or what judgment was there entered. There is no transcript from that court presented here.

In the district court the appellant filed a petition for the approval of a guardian's account which she declared contained a copy of her report made to the county court on April 1, 1959. To this report the appellee filed objections in which he prayed for an order finding that the appellant was indebted to the estate of Ronald James Edwards in the amount of $2,125; that the appellant be directed to reimburse the estate in that amount; and that for failure so to do the surety on appellant's bond should be required to make up the shortages with statutory interest from the time of the defalcations. Thereafter the appellee submitted to appellant requests for admissions which requests were responded to by the appellant. This was followed by a motion made by the appellee for a summary judgment.

The appellant filed objections in which she declared that summary judgment was not proper. The pertinent

declared reason was in substance that there was an issue as to the extent, if any, of the shortage in her account as a whole as guardian which could not be ascertained except by a trial, in consequence of which no proper summary judgment could be rendered.

The case came on for hearing and a summary judgment was rendered in favor of appellee for $1,478.07 with interest at the rate of 3 percent per annum from May 18, 1951, $146.93 with interest at the rate of 3 percent per annum from December 7, 1953, and $500 with interest at the rate of 3 percent per annum from April 18, 1956.

A motion to vacate the summary judgment or in the alternative for a new trial was filed. The motion for new trial was overruled. From the order overruling the motion and from the judgment the appellant prosecutes this appeal. There are numerous assigned grounds for reversal but in the view taken of the record it is deemed necessary to refer to only one of them specifically. That one is that the court erred in its finding and judgment that there was no genuine question of fact presented, and that on that account the appellee was entitled to a summary judgment.

A summary judgment may be properly rendered only if the pleadings, depositions, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See, § 25-1332, R. R. S. 1943; Mecham v. Colby, 156 Neb. 386, 56 N. W. 2d 299; Fidelity & Deposit Co. v. Bodenstedt, 170 Neb. 799, 104 N. W. 2d 292.

Within the meaning of this exaction the record before the court disclosed that the appellant disbursed the amounts of money which the appellee contends were disbursed and for which the judgment was rendered from the guardianship estate at the times indicated and for the purposes alleged, and in effect that she was obligated to account therefor to the estate. The answers

of appellant to the interrogatories make her obligation clear and unmistakable.

There was however nothing in the pleadings or proceedings before the court or otherwise upon which to adjudicate the question of whether or not her account as a whole as guardian would sustain a summary money judgment in the amount for which judgment was rendered or in fact for any amount. This was an issue raised by the appellant and of course a determination could not be made on it without a proper trial.

It is true that the county court had jurisdiction to examine the account of the appellant and judicially ascertain its status. See Myers v. McGavock, 39 Neb. 843, 58 N. W. 522, 42 Am. S. R. 627. It is also true that the district court had the same jurisdiction on appeal. It does not follow however that either had the right to render a money judgment against the guardian in favor of the estate in the absence of accounting where accounting becomes an issue as it did in this case.

There is nothing in the record here to indicate that whatever judgment was rendered in the county court or in the district court was made with reference to proceedings involving either finality of accounting at the time or total and ultimate finality.

Under a well-established rule no action can be maintained on a guardian's bond until the amount due thereon is ascertained by the county court. See, Bisbee v. Gleason, 21 Neb. 534, 32 N. W. 578; Langdon v. Langdon, 104 Neb. 619, 178 N. W. 178; In re Estate of Montgomery, 133 Neb. 153, 274 N. W. 487.

It appears to follow reasonably, logically, and necessarily that if a final accounting in the county court is essential to a judgment against a surety on a guardian's bond that the liability of the guardian as principal for a money judgment must depend at least upon a complete accounting at the time the liability is sought to be established. Without this there could be no way of arriving

at the true amount for which judgment should be rendered.

It must be said therefore that there was a genuine issue as to a material fact presented in this case on which a judgment could not be rendered as a matter of law on the pleadings, depositions, admissions, and affidavits which were on file in the case, and the district court erred in rendering the summary judgment.

It is observable that Western Surety Company, Sioux Falls, South Dakota, a corporation, is denominated an appellant on this appeal. Previous reference to it has been avoided since it was never made a party, but appears to have joined the appellant without authorization of any kind. It appears that it is surety on the appellant's bond but in nowise a party to the action. No costs should be taxed in its favor.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

SPENCER, J., dissenting.

I cannot agree with the opinion for the following reasons: (1) We are permitting the appellant to benefit from her failure to file a complete record and in essence putting the burden of a complete record on the appellee; (2) there is no genuine issue as to any material fact involved herein; and (3) appellant is liable for the shortages listed as a matter of law.

Supplementing the facts set out in the opinion, there is no transcript from the county court attached to this record. The appellant, who was the guardian of the minor, on August 11, 1959, filed a petition for approval of the guardian's account in the district court. This petition recited that the guardian on April 1, 1959, filed a report and accounting and that a copy of said annual report is set forth in the *transcript filed herein*. The petition further had attached a copy of the report which was marked exhibit A and made a part of the petition. Objections were filed by Robert S. Finn, guardian ad

litem. These objections recite that he was appointed by the county court of Johnson County as guardian ad litem for the minor. The objections were filed July 31, 1959, or 11 days before the petition, apparently sometime after the transcript on appeal was filed. This pleading of the guardian ad litem objected to the reports on file of the guardian insofar as they reflected shortages alleged to exist. Subsequent to the filing of the petition of the appellant, the guardian ad litem, hereinafter referred to as appellee, filed requests for admissions. Answers were filed by the appellant November 24, 1959. The appellee, on December 4, 1959, filed a motion for summary judgment and attached thereto a copy of a petition and application filed by the appellant in the Lewis E. Laflin estate in county court. This attached petition and application sought to recover from the Laflin estate for the money belonging to the ward which the appellant had turned over to Lewis E. Laflin, her former attorney, and for which she admits she has not accounted to her ward. Appellant filed an affidavit in resistance to the motion for summary judgment. In the affidavit, appellant admits that she has not accounted for the shortages resulting from funds which were turned over to her attorney for the purchase of bonds. She alleges that all the liability for the shortages in said guardian's accounts is the primary and direct responsibility and liability of Lewis E. Laflin, her former attorney.

It was the appellant who appealed from the county court. It was the appellant who had the responsibility to see that a proper transcript was filed in the district court. It certainly should have been the responsibility of the appellant to file a proper record in this court.

If the transcript had not been properly authenticated, this court would not acquire jurisdiction. Brockman Commission Co. v. Sang, 52 Neb. 506, 72 N. W. 856. Why should the rule be different if a clearly deficient record or transcript is filed?

Because of the reference to the county court transcript in appellant's petition, it can be assumed one was on file in the district court. If, however, no transcript was filed in the district court, the district court would have been without jurisdiction to hear the appeal, and, of course, if the district court was without jurisdiction, this court should have been without jurisdiction.

We said as late as Anania v. City of Omaha, 170 Neb. 160, 102 N. W. 2d 49: "An appellate court may not consider or decide a case within its appellate jurisdiction unless its authority to act is invoked in the manner prescribed by law."

A county court has original and exclusive jurisdiction in guardianship matters. Olsen v. Marsh, 142 Neb. 800, 8 N. W. 2d 169.

We have said many times that a guardianship matter is a probate matter. In re Guardianship of Hergenrother, 141 Neb. 858, 5 N. W. 2d 118. In In re Guardianship of Warner, 137 Neb. 25, 288 N. W. 39, we said that the statute dealing with appeals in probate matters is applicable to guardianship proceedings.

Section 30-1606, R. R. S. 1943, directs that upon the filing of the transcript from the county court in the district court, that court shall be possessed of the action and shall proceed to hear, try and determine the same in like manner as upon appeals brought from the county court in civil actions. It is the filing of the transcript from the county court in the district court which confers jurisdiction upon the district court. Rhea v. Brown, 4 Neb. (Unoff.) 461, 94 N. W. 716.

As early as Galley v. Knapp, 14 Neb. 262, 15 N. W. 329, we said: "Every case submitted to this court for review should contain a transcript of the pleadings constituting the issue tried in the district court, otherwise the judgment of the court below will be affirmed."

In Badger Lumber Co. v. Mayes, 38 Neb. 822, 57 N. W. 519, we said: "* * * some consideration is due to the court, and that appellants should at least be required

to present to this court a record written in a legible manner and arranged in such a way that the court may ascertain upon whose part the different portions of the evidence were offered, if not the order in which they were received, and also without the difficulty of solving an enigma determine (determining) what evidence was before the trial court, and what excluded. If the appellants fail to do this, this court should presume, in matters not clearly appearing, that there was evidence justifying the trial court in its findings."

As I view this record, the appellant did not file a proper transcript. It is the appellant who has failed to make a case to sustain her appeal. Her appeal should be dismissed. The effect of the opinion is to reward appellant because of her failure to bring up the jurisdictional part of the record. The appellant has not raised the question of jurisdiction in any way. In view of the fact that the appellee is the representative of a minor attempting to force a fiduciary to account to her ward, it would make much more sense to require a diminution of the record than to penalize the appellee for the appellant's omission.

The opinion further appears to suggest that a final accounting in county court is essential to a judgment against a surety on a guardian's bond. That was the law previous to 1951. In 1951, the Legislature passed Legislative Bill No. 150 (Laws 1951, c. 54, p. 184), which is now found in the Reissue Revised Statutes of 1943, sections 24-606 to 24-618). That act made it possible for guardians to have interim accountings which would have the legal finality of a final accounting. I suggest that the cases cited in the opinion are no longer applicable and that we are justified in assuming, in the absence of the transcript, that the alleged annual report was such interim accounting. The appointment of a guardian ad litem in county court would certainly indicate such was the case. If it is to be assumed that this court has jurisdiction, then the judgment should be affirmed.

A review of the pleadings which do appear in the record indicates that there is no genuine issue of fact. The appellant has admitted she received the amounts for which she has been surcharged. She admits that she turned these amounts, without the approval of the county court, over to her attorney for investment in bonds, and that she never secured the bonds from him. In her affidavit she attempts to suggest that the attorney should be held as a trustee because of the trust and confidence she reposed in him, and that the primary liability herein is that of his estate and is not hers.

There can be no question but that the primary liability is that of the guardian, and that her liability is not in any manner dependent upon her ability to recover from the Laflin estate. In my judgment the appeal herein should be dismissed for want of a proper record.