WILLIAM H. SHERWOOD, ADMINISTRATOR WITH WILL ANNEXED OF THE ESTATE OF FLOYD TILSON BROWN, DECEASED, APPELLEE, v. MERCHANTS MUTUAL BONDING COMPANY, A CORPORATION, APPELLANT.

226 N. W. 2d 761

Filed March 6, 1975. No. 39610.

. William J. Brennan, Jr., and C. L. Robinson for Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, for appellant.

Person, Dier & Person, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action to recover on the bond of a guardian.

On June 7, 1963, F. Stanton Brown was appointed as guardian of his incompetent father. He posted bond, obtained from defendant, in the sum of $17,000. The estate had assets valued at approximately $370,000. The ward died September 3, 1968, leaving two sons as heirs, F. Stanton Brown, the guardian, and J. Leland Brown. The latter requested, on August 5, 1968, that the guardian be removed and required to account. On appeal to the District Court, judgment was entered on May 19, 1973, against the guardian for $83,244.18. Bond premiums were paid to June 7, 1973. An administrator with the will annexed was appointed on November 29, 1968, for the ward's estate, and he commenced this suit on May 21, 1973.

Two questions are presented: Has the statute of limitations run; and is the defendant estopped to defend on that ground? Judgment was entered for plaintiff. We affirm the decision of the District Court.

We first take up the question of estoppel. It is the rule that no action may be maintained on a guardian's bond until the amount due thereon has been ascertained and judgment therefor entered. See, Finn v. Whitten, 172 Neb. 282, 109 N. W. 2d 376; In re Estate of Montgomery, 133 Neb. 153, 274 N. W. 487. The 4-year-limitation period specified in section 25-210, R. R. S. 1943, as heretofore interpreted, had expired following the ward's death prior to a final determination of the amount due on the guardian's account. An essential element of estoppel is a representation relied upon by the party claiming the benefit of the estoppel, which induced him to act, or refrain from acting, to his prejudice. See Willan v. Farrar, 176 Neb. 1, 124 N. W. 2d 699. In the present instance there was no representation made which induced plaintiff to delay.

Section 25-210, R. R. S. 1943, provides: "No action shall be maintained against the sureties in any bond given by a guardian unless it be commenced within four years from the time when the guardian shall have been

discharged; *Provided,* if at the time of such discharge the person entitled to bring such action shall be out of the state, or under any legal disability to sue, the action may be commenced at any time within five years after the return of such person to the state, or after such disability shall be removed." Plaintiff contends that under the proviso, the administrator of the estate had 5 years from the date of his appointment to bring this action. We cannot agree with this conclusion. The statute confines the extension of time to persons absent from the state or under a legal disability. Section 25-213, R. R. S. 1943, specifies who shall be considered to be under a legal disability. It does not toll the statutes of limitations for the benefit of executors or administrators.

The primary question is the meaning of the term "discharge" as used in the statute. The authorities are not unanimous in its construction. The first Nebraska case on the subject is Goble v. Simeral, 67 Neb. 276, 93 N. W. 235, in which this court followed the rule adopted in Massachusetts, Michigan, and Wisconsin from which our statute was adopted. The case holds that: " 'By the term "discharged," in this statute, is intended any mode by which the guardianship is effectually determined and brought to a close, either by the removal, resignation, or death of the guardian, the marriage of a female guardian, the arrival of a minor ward to the age of twenty-one, or otherwise.' * * * The objection urged against it by counsel is that, in effect, the former ward may be barred of his action before he is able to maintain it; that if the settlement or final accounting for any reason is delayed or protracted beyond four years, there is no remedy against the sureties. But we think the purpose of the statute was to require the accounts to be settled, so far as the sureties were to be held, with reasonable expedition and within the prescribed period. Undoubtedly, as a general proposition, courts will be loth to construe a statute so as to deprive a person of a cause of action by limitation before he is in

a position to assert it. The ordinary statutes of limitations provide for this by dating the limitation from accrual of the cause of action. But here the provision is special, meant to cover a special case, and governed by special considerations. * * *

" 'This is a special limitation for the benefit of the sureties, and does not affect the right to recover from the guardian. The limitation begins to run "from the time the guardian shall be discharged." ' The purpose is 'to fix a time certain, for the benefit of the sureties, so that they may know definitely when their obligations as sureties will terminate.' Paine v. Jones, supra. No other meaning can be given to the language used. As the court say in the case just cited (p. 76): 'To say the term "discharged" is synonymous with "settlement of the guardian's account with the proper court, or with the ward," would seem to do violence to the language used. * * * We are unable to see wherein a mere settlement of the guardian's account, without actual compliance with the order of the court, operates as a discharge, in any sense.' * * *

" 'The "discharge" can not very well have more than one of two meanings. It must mean either the end of the guardianship office, or the discharge from liability. It can not mean the latter, because that would preclude any occasion for resort to the bond.' Hence courts generally hold, under statutes like our own, that the purpose of the legislature was to require the amount due from the guardian to be ascertained and suit to be brought therefor within the period fixed, and that, as the time allowed is reasonable, negligence or other cause of delay in settling the account can not extend it."

These rules have been in effect since 1903 without legislative change and were followed in Medow v. Riggert, 132 Neb. 429, 272 N. W. 238. It is evident that should the presently prevailing rule be abrogated and the term "discharged" be interpreted to mean an order of discharge entered by the county court following a final

accounting, the failure of the guardian to account and secure such discharge could prolong the period of time elapsing before the statute of limitations commenced to run almost indefinitely.

There are nevertheless compelling reasons for such a change. Ordinarily, statutes of limitations commence to run only from the time of accrual of a cause of action. As above noted, a cause of action cannot be maintained on a guardian's bond until a final accounting has been had in the county court and judgment entered against the guardian. Furthermore, our statutory law has changed since the adoption of the Goble v. Simeral rule. Section 24-618, R. R. S. 1943, now provides that upon entry of an order of distribution, a guardian or other fiduciary "may be discharged, upon compliance with the order or decree." This statute does not recognize that a guardian is discharged upon the occurrence of the events mentioned in Goble v. Simeral, *supra,* but requires an accounting and distribution as a preliminary to discharge. The statute, section 25-210, R. R. S. 1943, is an anomaly. It is noted that with reference to bonds of executors and administrators the statute of limitations is 10 years. See § 25-209, R. R. S. 1943. This statute also applies to guardians and is in apparent conflict with the provisions of section 25-210, R. R. S. 1943, as heretofore interpreted. Again, it would appear that the Goble v. Simeral rule was in conflict with legislative intent. Under section 25-209, R. R. S. 1943, the statute starts to run when the cause of action accrues. See United States Fidelity & Guaranty Co. v. McLaughlin, on rehearing, 76 Neb. 310, 109 N. W. 390. Although not pertinent here, section 38-416, R. R. S. 1943, gives an additional clue to present-day legislative thinking. In regard to guardians of veterans, it requires as a condition precedent to discharge of the guardian and to release of sureties that a final account be approved and the ward's assets delivered.

A number of jurisdictions have refused to follow the

Massachusetts rule. Wisconsin has amended its statute to provide that if an accounting is pending on the expiration of the 4-year-limitation period, the limitation period is extended to 1 year after final determination of the accounting proceedings. See In re Estate of Bocher, 249 Wis. 8, 23 N. W. 2d 615. California has interpreted a statute identical to ours to require an order of discharge or removal by the probate court as a requirement to the running of the statute. It further holds that pending accounting proceedings toll the statute, thus accomplishing by court interpretation what Wisconsin did by statute. See Burns v. Massachusetts Bonding & Ins. Co., 62 Cal. App. 2d 962, 146 P. 2d 24. Oklahoma holds that the statute does not commence to run until the guardian is relieved of office and his accounts are settled by a judgment of the court. See, Brewer v. Perryman, 62 Okla. 176, 162 P. 791; Title Guaranty & Surety Co. v. Cowen, 71 Okla. 299, 177 P. 563. North Dakota likewise holds that a formal order of the court discharging or removing the guardian is necessary to start the statute running. See Gronna v. Goldammer, 26 N. D. 122, 143 N. W. 394. Texas also holds that the statute does not commence to run until the guardian is discharged by an order of the probate court. See Massie v. De Shields (Tex. Civ. App.), 62 S. W. 2d 322.

Various reasons are given by the foregoing courts for the rules adopted. Primarily a refusal to follow the Massachusetts rule as set out in Goble v. Simeral, *supra*, is due to the fact that contrary to the usual statutes of limitations, the right to sue may be barred before the cause of action has accrued. Furthermore, practice in these states contemplates that a guardian must file a final account and obtain its approval before receiving a discharge from the probate court, notwithstanding that his authority may have been terminated by the removal, resignation, or death of the guardian, the marriage of a female ward, or the arrival at the age of majority, or death of a ward. The use of the word

"discharged" generally implies affirmative action, not simply a termination of authority by operation of law. Under Goble v. Simeral, *supra*, the statute of limitations has been enlarged in its operation by judicial construction in a manner to work injustice on occasion. Neither justice nor sound policy requires that the meaning of the statute be enlarged to embrace situations not comprehended by its terms.

In view of the clear import of our other statutes, recognized Nebraska practice, and the inequitable result of our former rule, we deem it necessary to overrule Goble v. Simeral, 67 Neb. 276, 93 N. W. 235, and Medow v. Riggert, 132 Neb. 429, 272 N. W. 238. We hold that the limitation contained in section 25-210, R. R. S. 1943, does not commence to run until the guardian has obtained approval of his final account and been discharged by order of the probate court.

The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., dissenting.

I respectfully dissent. I discern no sound reason for overturning the long-existing rule. The surety on the bond has no effective way to force the guardian to make a timely accounting. This must be accomplished by the ward. Four years to do that and commence action on the bond is a sufficiently long time. The practical effect of the new rule is, as the opinion points out, to prolong almost indefinitely the period before the statute commences to run.