IN RE GUARDIANSHIP OF AMANDA DOROTHY PETERSEN, AN INCOMPETENT. FIRMIN Q. FELTZ, SUCCESSOR GUARDIAN, APPELLEE, V. UNIVERSAL SURETY COMPANY, A CORPORATION, APPELLANT, IMPLEADED WITH THE ESTATE OF ARTHUR R. JOHNSON, DECEASED, APPELLEE. FIRMIN Q. FELTZ, GUARDIAN OF AMANDA DOROTHY PETERSEN, APPELLEE, V. UNIVERSAL SURETY COMPANY, A CORPORATION, APPELLANT.

277 N. W. 2d 428

Filed April 10, 1979. Nos. 42005, 42006.

James W. Hewitt, for appellant.

Firmin Q. Feltz, for appellee Feltz.

Heard before KRIVOSHA, C. J., McCOWN, CLINTON, and BRODKEY, JJ., and IRONS, District Judge.

IRONS, District Judge.

By stipulation these two cases were consolidated for hearing in the District Court for Keith County, and were also consolidated for briefing and argument here because identical issues of law and fact are involved.

The first case arose in the county court of Keith County upon an application by Firmin Q. Feltz, successor guardian, (plaintiff and appellee) against Universal Surety Company (defendant and appellant) and the Estate of Arthur R. Johnson, deceased, (defendant) to determine the liability of the original guardian (Johnson) and Johnson's surety, Universal, for defalcations from the guardianship of Johnson's ward, Amanda Dorothy Petersen, an incompetent. Two bonds had been written by Universal for Johnson, one a $5,000 guardian's bond, and the other a $20,000 bond for the sale of real estate belonging to the ward.

The second case arose in the District Court for Keith County, it being a direct action against Universal by Feltz as successor guardian alleging liability of Universal on both bonds.

The first case was appealed to the District Court for Keith County. Thereafter the appeal and the

direct action were consolidated for trial in the District Court.

The county court determined the liabilities of Johnson for defalcation to be in excess of both bonds, found Universal liable both on the guardian's bond and the bond for the sale of real estate, and fixed Universal's liability at $25,000 plus interest. Universal appealed but Johnson did not.

The action in District Court involved only the question as to Universal's liability on its bond for the sale of real estate.

The District Court affirmed the judgment of the county court, found Universal liable on both bonds, and granted judgment in the amount of $28,604.66, which amount included $3,604.66 in interest. We affirm.

The principle assignment of error by the appellant is that the court erred in finding Universal liable under its bond for the sale of real estate. Universal does not deny its liability on the guardian's bond.

Johnson was appointed as guardian in the Petersen estate on September 13, 1973, and acted in such capacity until his death on March 22, 1976. The real estate involved was sold in early September 1975, and proceeds from the sale were received by Johnson on September 17 and October 3, 1975; defalcations were shown to have occurred between May 20, 1975, and December 31, 1975, with some occurring during the process of the sale of real estate.

The bond issued by Universal to sell real estate and section 38-616, R. R. S. 1943, contain some similar language, i.e.: "The principal [guardian] shall sell and truly account for all the proceeds of said sale of * * * Real Estate * * * and dispose of the same according to law * * *." This, the guardian did not comply with.

The appellant has cited some general theoretical propositions and case law from other jurisdictions, but the only case touching squarely on this situation

is found in Langdon v. Langdon, 104 Neb. 619, 178 N. W. 178. This case was decided in 1920 and it has not been modified or reversed.

The controlling principles recited therein were: The application to sell real estate was made in the capacity of the guardian; the statutes required the guardian to give bond to answer for the proceeds of the sale according to law; the bond was for such additional funds as might come into the possession of the guardian by reason of the sale; the right to make the application for sale of real estate was by virtue of the guardianship; and the guardian's accounting for the funds received from the sale must be made to the county court.

The record in these two cases clearly shows that the guardian (Johnson) did not at any time during the period he served as guardian render any accounting of his activities including the monies received from the sale of real estate, and had therefore not acted according to law as required. The judgment of the District Court should be and is hereby affirmed in all respects.

AFFIRMED.